IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE EVANGELICAL LUTHERAN GOOD
SAMARITAN SOCIETY, A NORTH
DAKOTA CORPORATION D/B/A
GOOD SAMARITAN SOCIETY-
FOUR CORNERS VILLAGE,

      Plaintiff,

v.                                                             CV 17-1090 KG/JHR

DORA L. KING, AS PERSONAL
REPRESENTATIVE OF THE WRONGFUL
DEATH ESTATE OF EARNEST
WAYNE PAYNE, DECEASED,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on the Order of Reference entered by presiding district judge Kenneth J. Gonzales on October 12, 2018, directing the undersigned magistrate judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the now unopposed *Motion to Compel Arbitration and for Appointment of Arbitrator* (Doc. 2)." [Doc. 20]. Having reviewed the record in this case, the Court recommends that Plaintiff's Motion to Compel Arbitration be granted in part, that this case be referred to arbitration, and that the parties meet and confer concerning the appointment of an arbitrator. All other relief requested by the parties should be denied at this juncture.

**I)**     **BACKGROUND**

Earnest Payne was admitted to Four Corners Village, in Aztec, New Mexico, on July 10, 2014. [Doc. 1, p. 3; Doc. 1-3, p. 2]. Upon his admission, his daughter, Dora King (acting under a

1

Durable Power of Attorney for Health Care), signed admission documents, including an Arbitration Clause. [Doc. 1, pp. 3-4]. Mr. Payne was discharged from Four Corners Village on August 8, 2014 and was transferred to St. Theresa Healthcare and Rehabilitation Center in Albuquerque, New Mexico where he remained until August 18, 2014. [Doc. 1, p. 7; Doc 1-3, p. 10]. Mr. Payne died on August 26, 2014. [Doc. 1, p. 7].

Ms. King, having been appointed as the personal representative of Mr. Payne's estate, brought a wrongful death lawsuit against Plaintiff and others in New Mexico State Court on June 30, 2017. [*See generally* Doc. 1-3]. Soon thereafter, Plaintiff filed its Complaint to Compel Arbitration and Petition for Appointment of Arbitrator ("Complaint"), as well as the instant Motion and Memorandum of Law to Compel Arbitration and Petition for Appointment of Arbitrator ("Motion"), in this Court. [Docs. 1, 2]. In both the Complaint and Motion, Plaintiff argues that Ms. King's claims in the state court action must be arbitrated pursuant to the arbitration provision she signed. [*See id.*].

Ms. King (Defendant here), initially resisted Plaintiff's demand to arbitrate. [*See* Doc. 1-4]. Plaintiff accordingly served Defendant with the Complaint and Motion on November 24, 2017. [*See* Doc. 11]. Thereafter, before Defendant responded, Plaintiff filed a Reply in Support of the Motion to Compel and Notice of Completion of Briefing on the Motion on December 20, 2017. [*See* Docs. 11, 12]. Defendant responded two days later, requesting a briefing schedule on Plaintiff's Motion to Compel Arbitration, and asserting that she had not been properly served, among other things. [*See* Doc. 13]. Plaintiff filed a Supplemental Reply, addressing Defendant's arguments, and an Amended Notice of Completion of Briefing. [*See* Docs. 14, 15]. Most basically, Plaintiff argued that Defendant's failure to file a response addressing the merits of its Motion supported the Court's authority to grant it. [Doc. 14, p.7].

Then, on June 28, 2018, Defendant filed a withdrawal of her opposition to the Motion to Compel Arbitration and simultaneously moved for the appointment of a neutral arbitrator and rules. [*See* Doc. 17]. Defendant specifically suggested that the Court name either Bill Madison, Bruce Hall, Paul Bardacke, or Terry Yenson, as an arbitrator. [*Id.*, p. 2]. "Additionally, Defendant ask[ed] that this Court appoint a neutral set of rules for arbitration[,]" suggesting the New Mexico Rules of Civil Procedure. [*Id.*]. Defendant's second request stems from the fact that the Arbitration Clause requires the parties to use Plaintiff's rules of procedure for arbitration should they fail to agree on an arbitrator. [*Id.*]. Plaintiff filed a Response to Defendant's withdrawal of her opposition. [Doc. 18]. Most basically, Plaintiff argues that Defendant's request for the Court to appoint an arbitrator is premature, as the Arbitration Clause in the Admission Agreement requires the parties to "work together in good faith to select a mutually agreeable arbitrator or a nationally recognized arbitration service[.]" [Doc. 18, p. 2]. In the alternative, should the Court appoint an arbitrator, Plaintiff suggests the appointment of a former judge, such as former New Mexico state court judges James Hall or Jay Harris, former Arizona state court judge Christopher Kelly, former federal district judge Bruce Black, or former federal magistrate judges William Lynch or Alan Torgerson. [*Id.*, p. 3].

The final relevant document is Defendant's Reply to their Withdrawal of Opposition to Motion to Compel Arbitration and Motion for Appointment of a Neutral Arbitrator and Rules. [Doc. 19]. In this document, Defendant argues that the parties' failure to agree to an arbitrator evinces the fact that the Court will need to appoint one, pursuant to Section 5 of the Federal Arbitration Act. [*See* Doc. 19, p. 1]; 9 U.S.C. § 5. Defendant also asks the Court to strike the provision of the Arbitration Clause requiring the parties to use Plaintiff's rules of procedure in the

event of an impasse and order the parties to "arbitrate under a neutral code of procedure[,]" such as the New Mexico Rules of Civil Procedure. [*Id.*, p. 2].

## II) DISCUSSION

The Federal Arbitration Act provides, in relevant part, that:

> A written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The Act "reflects an emphatic federal policy in favor of arbitral dispute resolution." *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012) (per curiam) (quoted authority omitted). "Not only did Congress require courts to respect and enforce agreements to arbitrate; it also specifically directed them to respect and enforce the parties' chosen arbitration procedures." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (citing Sections 3 and 4 of the Act). "Indeed, we have often observed that the Arbitration Act requires courts 'rigorously' to 'enforce arbitration agreements according to their terms, including terms that specify *with whom* the parties choose to arbitrate their disputes and *the rules* under which that arbitration will be conducted.'" *Id.* (quoting *American Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 233 (2013)).

The Act "establishes a sort of 'equal-treatment' rule for arbitration contracts." *Id.* (citing *Kindred Nursing Centers Ltd. P'ship v. Clark*, 137 S. Ct. 1421, 1426 (2017)). Thus, while the Act "permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.' At the same time, the clause offers no refuge for 'defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to

4

arbitrate is at issue.'" *Id.* at 1622 (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).

**III) ANALYSIS**

Based on the foregoing language, the Court must "rigorously" enforce the Arbitration Clause at issue according to its terms. These terms are as follows:

> The Parties shall work together in good faith to select a mutually agreeable individual arbitrator or a nationally recognized arbitration service provider. The arbitration shall be conducted in accordance with the rules of the arbitration service provider agreed upon by the Parties. In the event rules of an arbitration service provider are not available for use or the Parties have not agreed to a different set of procedures to govern the arbitration, the Parties agree to use the neutral code of procedure available from The Evangelical Lutheran Good Samaritan Society.

[Doc. 1-2, p. 18]. In accordance with these terms, the Court will first require the parties to confer and make a good-faith attempt to agree on an arbitrator or arbitration service provider, before it selects an arbitrator for the parties. While the Court is sympathetic to Defendant's position that the parties have already effectively exchanged names and have reached an impasse, the Court does not believe that these "efforts" meet the letter and spirit of the Agreement, which clearly and unambiguously requires the parties, not the Court, to work together in *good faith* to select an arbitrator.

**IV) CONCLUSION**

In sum, the Court agrees with the parties that Plaintiff's now unopposed Motion to Compel Arbitration should be granted. More to the point, the Court recommends enforcing the language of the Arbitration Clause at issue and requiring the parties to work together in good faith to select a mutually agreeable arbitrator. Should the parties fail to reach an agreement within 30 days after this Recommendation becomes final, they must, at a minimum, agree to a short list of mutually agreeable arbitrators that the Court will select from. If such an impasse is reached, the parties shall

file a joint status report with the Court discussing the parties' good faith attempts to agree and proffering the names of potential arbitrators to whom both parties agree. If that juncture is reached, the Court will select an arbitrator from the parties' joint list and address the issue of what rules will apply to the proceedings.

Wherefore, it is therefore recommended that:

(1) Plaintiff's Motion to Compel Arbitration [Doc. 2] be granted as to its request to compel arbitration of Defendant's state court lawsuit.

(2) The parties shall meet and confer no later than Friday, December 14, 2018, after which they shall collaborate in good faith in an attempt to select a mutually-agreeable arbitrator.

(3) No later than 30 days after the entry of this Order, the parties shall file a joint status report with the Court either informing it that an agreement has been reached, or discussing the parties' good faith attempts to agree and proffering the names of potential arbitrators to whom both parties agree.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

> **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**